[Cite as *Mazur v. Ohio Dept. of Transp., Dist. 12*, 2011-Ohio-1111.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN MAZUR

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

      Defendant

      Case No. 2010-08641-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) Plaintiff, John Mazur, filed this action against defendant, Department of Transportation (ODOT), alleging his 2004 Saab was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Aurora Road (State Route 43) within the City of Bedford Heights in Cuyahoga County. Plaintiff recorded he was traveling to his place of business located at 24381 Aurora Road, Bedford Heights, Ohio 44146, when his automobile struck a pothole causing damage to the vehicle. Plaintiff recalled his damage incident occurred on May 20, 2010 at approximately 1:00 p.m. Plaintiff explained Aurora Road had been under extensive construction since February, 2010 and "the Water Line Replacement Project has created large crater-like holes in various locations and changing frequently." Plaintiff asserted his car was damaged when the vehicle struck a hole in the roadway created by construction work involving the Water Line Replacement Project on Aurora Road. Plaintiff contended his property damage was the result of negligence on the part of ODOT in failing to patch potholes created by construction work on Aurora Road prior to May 20, 2010. Plaintiff requested damage recovery in the amount of $579.27. The

filing fee was paid.

**{¶ 2}** 2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Cleveland Division of Water and their contractor, Fabrizi Company were responsible for maintenance on State Route 43 when work was done on the Water Line Replacement Project. Defendant stated, "[a]s such, the Fabrizi Company and the City of Cleveland Division of Water are the proper parties to plaintiff's claim, not the defendant." Defendant denied being responsible for maintenance for the particular portion of State Route 43 at the time of plaintiff's incident.

**{¶ 3}** 3) Plaintiff did not respond.

CONCLUSIONS OF LAW

**{¶ 4}** 1) R.C. 2743.01(A) provides:

**{¶ 5}** "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

**{¶ 6}** 2) R.C. 2743.02(A)(1) states in pertinent part:

**{¶ 7}** "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

**{¶ 8}** 3) R.C. 5501.311 in pertinent part states:

**{¶ 9}** "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges

and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 10} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN MAZUR

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

     Defendant

     Case No. 2010-08641-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, this case is DISMISSED. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

John Mazur
7954 Regal Ridge Circle
Macedonia, Ohio  44056

RDK/laa
11/24
Filed 1/11/11
Sent to S.C. reporter 3/4/11

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223